IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL T. NOBLE**  **PLAINTIFF**

v.  **CAUSE NO. 1:15CV352-LG-RHW**

**BANK OF AMERICA, N.A.; MICHAEL
JEDYNAK; and DOES 1-10**  **DEFENDANTS**

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

**BEFORE THE COURT** is the Motion for Judgment on the Pleadings [6] filed by the defendant Bank of America, N.A. The plaintiff Michael T. Noble has not filed a response in opposition to the Motion. The defendant Michael Jedynak has filed a Joinder [10] to the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that plaintiff's claims are barred by the doctrine of res judicata. Therefore, the Motion for Judgment on the Pleadings filed by Bank of America should be granted. For the reasons stated below Jedynak's joinder should be stricken.

## BACKGROUND

The plaintiff Michael Noble is a resident of California, but owns real property located at 1256 Tropical Cove, Gulfport, Mississippi. (Am. Compl. at 1, ECF No. 1-2). The Deed of Trust for the Tropical Cove property was assigned to the defendant Bank of America, and Bank of America appointed the defendant Michael Jedynak as Substitute Trustee. Noble sued Bank of America in the Superior Court of Monterey County, California, alleging fraud and negligence. The case was removed to the United States District Court for the Northern District of California on the

basis of diversity jurisdiction. (Order at 2, ECF No. 6-1). After Bank of America and Jedynak commenced foreclosure proceedings and scheduled a foreclosure sale of 1256 Tropical Cove, he filed the present lawsuit, seeking a temporary restraining order preventing the sale of the property. In both lawsuits, Noble alleged that Bank of America employees altered the Uniform Residential Loan Application related to the purchase of 1256 Tropical Cove in 2007. Noble later applied for a loan modification through Bank of America's Loss Mitigation program, but he claims that his application for modification was denied because of the alterations Bank of America allegedly made to his Loan Application.

On October 29, 2015, the United States District Court for the Northern District of California entered an Order granting Bank of America's Motion to Dismiss because the lawsuit was filed after the statute of limitations had expired. (Order at 2-4, ECF No. 6-1). The Court also found that Noble's fraud and negligence claims should be dismissed for failure to state a claim upon which relief could be granted. (*Id.* at 6-7). The California court granted Noble leave to amend his complaint. (*Id.* at 7). When Noble failed to file an amended complaint, his California lawsuit against Bank of America was dismissed with prejudice. (Order, ECF No. 6-2).

Bank of America has filed the present Motion, alleging that Noble's claims should be dismissed pursuant to the doctrine of res judicata. Jedynak has joined in Bank of America's Motion, but it is unclear whether he is independently seeking

dismissal or whether he merely supports the dismissal of Noble's claims against Bank of America. Jedynak was not a party to the California lawsuit.

## DISCUSSION

### I. BANK OF AMERICA'S MOTION FOR JUDGMENT ON THE PLEADINGS

"A motion for judgment on the pleadings must be sustained where the undisputed facts appearing in the pleadings, supplemented by any facts which the court will take judicial notice, show that no relief can be granted." *J.M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77, 78-79 (5th Cir. 1962). "[A] motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 417 (5th Cir. 2008)). In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.'" *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). While reviewing a motion to dismiss, courts may take judicial notice of court pleadings in other cases, because pleadings are public records. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

"Federal law determines the res judicata effect of a prior federal court judgment." *Thomas v. City of Houston*, 619 F. App'x 291, 294 (5th Cir. 2015) (quoting *Russell v. SunAmerica Secs., Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992)). "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

> The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.

*Id.*

In the present case, both Noble and Bank of America were parties to the California lawsuit. The California court had jurisdiction over Noble's lawsuit pursuant to 28 U.S.C. § 1332, because Noble and Bank of America were citizens of different states, and the amount in controversy exceeded $75,000. (California Notice of Removal at 2-3, ECF No. 1, Cause No. 5:15cv3999-BLF). The California lawsuit was dismissed with prejudice; thus, it was concluded by a final judgment on the merits. *See Stevens v. Bank of Amer., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (holding that a dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) constitutes a final judgment on the merits). Finally, both the California lawsuit and the present lawsuit allege the same facts and claims. As a result, all four elements of res judicata are satisfied, and Noble's claims against Bank of America

must be dismissed with prejudice.

## II. JEDYNAK'S JOINDER

Jedynak has filed a joinder in Bank of America's Motion; however, Jedynak's joinder does not specify whether he is seeking dismissal of the claims Noble filed a against him. In addition, Bank of America's Motion, in and of itself, does not demonstrate that Noble's claims against Jedynak should be dismissed.[1] Therefore, Jedynak's joinder is stricken. He may file his own separate motion and supporting memorandum, giving plaintiff an opportunity to respond.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Judgment on the Pleadings [6] filed by the defendant Bank of America, N.A., is **GRANTED**. Michael T. Noble's claims against Bank of America are dismissed with prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Joinder [10] filed by the defendant Michael Jedynak is **STRICKEN**.

**SO ORDERED AND ADJUDGED** this the 6th day of January, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[1] Because Jedynak was not a party to the California lawsuit, he must demonstrate that he was in privity with Bank of America before res judicata would apply.